**Alexandru VLAICU; Sabina Vlaicu; Daniel Vlaicu; Daniela Vlaicu, Petitioners,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 92–70717.

United States Court of Appeals, Ninth Circuit.

Submitted June 8, 1993 *.

Decided July 19, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a), 9th Cir.R. 34–4.

Alexandru A. Cristea, Downey, CA, for petitioners.

Stuart M. Gerson, Asst. Atty. Gen., Lisa Dornell, Acting Asst. Director; Alice M. King, Office of Immigration Litigation, Washington, DC, for respondent.

Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.

PER CURIAM:

Alexandru, Sabina, Daniel, and Daniela Vlaicu, natives and citizens of Romania, petition for review of an order of the Board of Immigration Appeals ("BIA"). The order in question dismissed as untimely their appeal from the decision of the Immigration Judge denying their application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we grant the petition for review.

The only issue before us is whether the BIA properly dismissed the petitioners' appeal as untimely. The decision of the Immigration Judge was served by mailing to the parties on April 30, 1992. One applicable regulation provides that "[a]n appeal shall be taken within 10 days after the mailing of a written decision.... When service of the decision is made by mail, ... 3 days shall be added to the period prescribed for the taking of an appeal." 8 C.F.R. § 242.21(a). Another specifies that "[t]he notice of appeal of the decision shall be filed with the Office of Immigration Judge ... within ten (10) calendar days after service of the decision. Time will be 13 days if mailed." 8 C.F.R. § 3.38.

Both parties agree that, under one or both of these regulations, the petitioners were required to do something within 13 days [1] after the Immigration Judge's decision was mailed, but they disagree as to what and where. The petitioners submitted their notice of appeal to the INS Office and paid their fee on May 13, the thirteenth day, but the notice was not filed with the Office of Immigration Judge until May 15. The BIA subsequently dismissed the appeal as untimely, on its own motion.

■ "Ordinarily, the time limit within which to file a notice of appeal is mandatory and jurisdictional." See *Hernandez–Rivera v. INS*, 630 F.2d 1352, 1354 (9th Cir.1980) (quotation omitted); *Matter of Escobar*, 18 I

---

1. It is not even clear from the two regulations where the 13 days comes from. Both specify a basic period of 10 days. Section 242.21(a) appears to add 3 days if the decision of the Immigration Judge is served by mail, while section 3.38 can be read as adding 3 days if the notice of appeal is mailed. Because the parties agree that

& N Dec. 412 (BIA 1983).[2] Nevertheless, in unique circumstances, if a party is "misled by the words or conduct of the court," an appellate tribunal may have jurisdiction to hear an otherwise untimely appeal. *Hernandez–Rivera,* 630 F.2d at 1354–55.

 In support of the BIA decision, the INS relies heavily on § 3.38(b), which requires the notice to be filed with the Office of Immigration Judge within 13 days. In addition, the government relies on a letter to the petitioners that accompanied the Immigration Judge's decision, which the government views as having made the filing requirement clear.

The notice letter, however, is part of the petitioners' grievance. It stated:

> This decision is final unless an appeal is taken to the Board of Immigration Appeals by returning to EOIR, Office of Immigration Judge, 1000 Second Avenue, Suite 3150, Seattle, Washington 98104, the enclosed copies of Form EOIR–26, Notice of Appeal, properly executed, together with a certificate of service, with proof that a fee of one hundred and ten dollars ($110) has been paid to the Immigration and Naturalization Service on or before May 13, 1992.

In the government's view, this passage clearly informs the petitioners that they must file their notice of appeal with the Office of Immigration Judge by May 13. But that is simply not so. At most, the notice informs the petitioners that they must pay their fees to the INS by May 13. It was not unreasonable for the petitioners to conclude that they would comply with the requirements for appeal by submitting a Form EOIR–26 notice of appeal along with the $110.00 filing fee to the Immigration and Naturalization Service ("INS") by May 13, and mailing the proof of payment and notice of appeal to the Office of the Immigration Judge immediately thereaf-

ter. We agree with petitioners that the letter was misleading.

Nor would petitioners have been quickly disabused of their misimpression if they had consulted the regulations, because the regulations do not speak with one voice. As the INS has argued, § 3.38(b) unequivocally requires the notice of appeal to be filed within 13 days "with the Office of Immigration Judge." 8 C.F.R. § 3.38(b). But § 3.3, entitled "Notice of appeal" provides: "An appeal shall be taken by filing Notice of Appeal Form 290A in triplicate with the Service office *or* Office of the Immigration Judge having administrative jurisdiction over the case, within the time specified in the governing sections of this chapter." 8 C.F.R. § 3.3(a). (emphasis added). Thus, under the plain language of § 3.3(a) contained in the subpart of the INS's regulations entitled "Board of Immigration Appeals," the petitioners' notice of appeal was timely filed when submitted to the INS on May 13, 1992. *See* 8 C.F.R. § 3.3(a); *see also INS v. Cardoza–Fonseca,* 480 U.S. 421, 449, 107 S.Ct. 1207, 1222, 94 L.Ed.2d 434 (1987) ("longstanding principle of construing any lingering ambiguities in deportation statutes in favor of the alien").

In light of the notice letter that was ambiguous at best and the conflicting regulations, we conclude that petitioners were understandably misled into believing that their actions sufficed for a timely appeal. Their appeal should not have been dismissed as untimely. *See Hernandez–Rivera,* 630 F.2d at 1354–55. Accordingly, we grant the petition for review and remand the case to the BIA for consideration of the merits of the petitioners' appeal.

**PETITION FOR REVIEW GRANTED.**

13 days is the operable period, we need not resolve any ambiguities or inconsistencies.

**2.** The BIA occasionally avoids an untimeliness problem by dismissing an untimely appeal and accepting the case on certification under 8 C.F.R. § 3.1(c). *See Matter of Correa–Garces,* Interim Dec. 3169 (BIA 1992). The decision to certify an appeal rests with the BIA's discretion.

*See Matter of Iberia Airlines Flight No. IB 951,* 19 I & N Dec. 768 (BIA 1988); 8 C.F.R. § 3.1(c) ("the Board may in any case arising under paragraph (b) of this section require certification of such case to the Board."). Here, however, the petitioners apparently never sought certification by the BIA.