Sahel Yamini SHAMSI, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 92–70740.

United States Court of Appeals,
Ninth Circuit.

Submitted June 25, 1993 *.

Decided July 19, 1993.

Terrence McGuire, Los Angeles, CA, for petitioner.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Robert Kendall, Asst. Director, Anne C. Arries, Office of Immigration Litigation, Washington, DC, for respondent.

Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.

PER CURIAM:

Sahel Yamini Shamsi, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

her appeal as untimely. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we grant the petition for review.

The oral decision of the Immigration Judge was rendered on March 19, 1987. The parties agree that Shamsi had ten days, or until March 29, 1987, to file a notice of appeal. *See* 8 C.F.R. §§ 3.36(b),[1] 242.21(a). The BIA dismissed because the notice of appeal was not filed with the Office of Immigration Judge until April 7, 1987.

Shamsi argues that there was insufficient evidence to support the BIA's determination that the notice of appeal was not filed until April 7, because there are two "Immigration Court stamps" on the notice of appeal: one dated April 7, 1987 and the other dated March 27, 1987. As the government correctly points out, however, the March 27 stamp simply reflects that the notice of appeal was presented to the INS and the filing fee paid; the notice was not actually filed with the Office of Immigration Judge until April 7.

The government argues that those facts conclusively show Shamsi's appeal to be untimely. At the time, 8 C.F.R. § 3.36(b) provided: "The notice of appeal of the decision shall be filed with the Office of Immigration Judge ... within ten (10) calendar days after service of the decision." Moreover, 8 C.F.R. § 103.7 specifies that payment of fees to the INS "does not constitute filing of the document with the Office of Immigration Judge."

■ "Ordinarily, the time limit within which to file a notice of appeal is mandatory and jurisdictional." *See Hernandez–Rivera v. INS,* 630 F.2d 1352, 1354 (9th Cir.1980) (quotation omitted); *Matter of Escobar,* 18 I & N Dec. 412 (BIA 1983).[2] Nevertheless, in unique circumstances, if a party is "misled by the words or conduct of the court," an appellate tribunal may have jurisdiction to hear an otherwise untimely appeal. *Hernandez–Rivera,* 630 F.2d at 1354–55.

■ Here, the record clearly shows that Shamsi was given misleading advice. The notice of appeal form provided to Shamsi was Form I–290A. On the face of the form, at the top, appears the title: "NOTICE OF APPEAL TO THE BOARD OF IMMIGRATION APPEALS." Immediately below that caption, in sizeable print, appears: "SUBMIT IN TRIPLICATE TO IMMIGRATION AND NATURALIZATION SERVICE." At the bottom of the page appears an instruction labeled: "IMPORTANT: SEE INSTRUCTIONS ON REVERSE SIDE OF NOTICE." On the reverse side of the page, at the bottom and in the largest lettering on the page, appears the following:

> 7. FILING OF NOTICE OF APPEAL. THE NOTICE OF APPEAL, IN TRIPLICATE, WITH THE REQUIRED FEE, *MUST* BE SUBMITTED TO THE IMMIGRATION AND NATURALIZATION SERVICE OFFICE WHERE THE CASE IS PENDING. THE NOTICE OF APPEAL IS *NOT* TO BE FORWARDED DIRECTLY TO THE BOARD OF IMMIGRATION APPEALS.

Surely the potential appellant who is furnished these instructions is justified in concluding that he or she need only file a notice of appeal with the INS office, where the fees are paid. There are two explicit instructions to file in triplicate with the INS, and none to file with the Office of Immigration Judge.

■ The government contends that its regulations clearly require the notice of appeal to be filed within the specified time with the Office of Immigration Judge. Section 3.36(b) expressly so required, and so does § 103.7(a). But at the same time, 8 C.F.R. § 3.3(a) provides: "An appeal [to the BIA] shall be taken by filing Notice of Appeal Form I–290A in triplicate with the Service office *or* Office of the Immigration Judge

---

1. Section 3.36 was redesignated as § 3.38 on April 6, 1992. *See* 57 Fed.Reg. 11568, 11570 (April 6, 1992).

2. The BIA occasionally avoids an untimeliness problem by dismissing an untimely appeal and accepting the case on certification under 8 C.F.R. § 3.1(c). *See Matter of Correa–Garces,* Interim Dec. 3169 (BIA 1992). The decision to

certify an appeal rests with the BIA's discretion. *See Matter of Iberia Airlines Flight No. IB 951,* 19 I & N Dec. 768 (BIA 1988); 8 C.F.R. § 3.1(c) ("the Board may in any case arising under paragraph (b) of this section require certification of such case to the Board."). Here, however, the petitioners apparently never sought certification by the BIA.

having administrative jurisdiction over the case, within the time specified in the governing sections of this chapter." (Emphasis added.) Shamsi was in literal compliance with this regulation; she submitted her notice of appeal Form I–290A to the INS office within 10 days of the Immigration Judge's decision.

In another case decided today, *Vlaicu v. INS*, 998 F.2d 758, 760 (9th Cir.1993), we held that the BIA must entertain an appeal by petitioners who had submitted their notice of appeal to the INS within the prescribed time even though the notice of appeal was filed two days late with the Office of Immigration Judge. We so held because the petitioners had received a misleading notice letter, and § 3.3(a) authorized filing of a notice with either the INS office or the Office of Immigration Judge. Here, the notice of appeal form and § 3.3(a) were no less misleading to Shamsi. She should not be penalized for complying with them. We conclude that her case, like *Vlaicu,* presents one of the rare occasions when an appellate tribunal has jurisdiction to hear an otherwise untimely appeal because Shamsi, acting reasonably, has been misled by the information furnished by the court or by § 3.3(a).

The BIA should not have dismissed Shamsi's appeal as untimely. *See Hernandez–Rivera,* 630 F.2d at 1354–55. Accordingly, we grant the petition for review and remand to the BIA for consideration of the merits of petitioner's appeal.[3]

**PETITION FOR REVIEW GRANTED.**

---

3. Our disposition of Shamsi's petition makes it unnecessary to consider her contention that the BIA should have interpreted her notice of appeal as a request that the BIA accept the appeal on certification under 8 C.F.R. § 3.1(c).