46 F.3d 1138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Otuma Bernard AGADAGA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70319.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 19, 1994.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Otuma Bernard Agadaga, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals ("BIA"), which dismissed as untimely his appeal from an order of an immigration judge ("IJ") finding him deportable because of his failure to adhere to the conditions of his student visa.
 
 
 3
 In his petition to this court, Agadaga contends that: (1) the BIA erred by ruling that he was required to file his notice of appeal within the filing deadline with the Office of the Immigration Judge ("IJ Office") and not with the Immigration and Naturalization Service ("INS"); and (2) his notice of appeal was, in any case, timely filed with the IJ Office. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we grant the petition for review.
 
 
 4
 * Background
 
 
 5
 Agadaga entered the United States in 1982 as a nonimmigrant student in order to attend the University of Montana in Bozeman, Montana. At a deportation hearing on February 25, 1991, Agadaga admitted that he was no longer in school and conceded his deportability.
 
 
 6
 The deportation hearing was then continued because Agadaga was being investigated by the State of Montana for securities violations. Ultimately, Agadaga was convicted of securities fraud and sentenced to sixteen months' imprisonment.
 
 
 7
 Agadaga's deportation hearing resumed on April 4, 1994 and was conducted telephonically. Agadaga and the IJ were in Seattle, Washington and the attorneys for Agadaga and the INS were in Helena, Montana. At the hearing, the IJ found Agadaga deportable based on his February 1991 concession.
 
 
 8
 At the conclusion of the hearing, and after being informed by Agadaga's counsel that Agadaga intended to appeal, the IJ told Agadaga's counsel that if he did not file his appeal within ten days, the BIA would not consider it. Moreover, the IJ specifically stated that Agadaga was required to file his notice of appeal with the IJ by April 14, 1994.
 
 
 9
 Agadaga's counsel received written notice of the IJ's oral decision on April 7, 1994. Agadaga paid his appeal fee at the Helena INS office on April 12, 1994, and his notice of appeal to the BIA was stamped as received by the Helena INS office on the same date. Also on April 12, 1994, the notice of appeal was mailed first-class to the IJ in Seattle along with a certificate of service. The notice arrived at the IJ Office in Seattle and was stamped as received on April 15, 1994.
 
 
 10
 On June 10, 1994, the BIA dismissed Agadaga's appeal as untimely, ruling that Agadaga was required to file the notice with the IJ Office by April 14, 1994 and that he had filed the notice on April 15, 1994, one day late.
 
 
 11
 On June 15, 1994, Agadaga timely filed a petition for review with this court.
 
 II
 Standard of Review
 
 12
 The only issue before us is whether the BIA properly dismissed Agadaga's appeal as untimely. We review de novo the BIA's dismissal of an appeal as untimely. Da Cruz v. INS, 4 F.3d 721, 722 (9th Cir. 1993).
 
 III
 Merits
 
 13
 Generally, the time limit for filing a notice of appeal to the BIA is mandatory and jurisdictional. Hernandez-Rivera v. INS, 630 F.2d 1352, 1354 (9th Cir. 1980). Nonetheless, if petitioners are understandably misled into believing that their actions sufficed for a timely appeal, the BIA should not dismiss their appeals as untimely. Vlaicu v. INS, 998 F.2d 758, 760 (9th Cir. 1993) (per curiam) (citing Hernandez-Rivera, 630 F.2d at 1354-55 (if a party is "misled by the words or conduct of the court," an appellate tribunal may have jurisdiction to hear an otherwise untimely appeal)); see also Shamsi v. INS, 998 F.2d 761, 763 (9th Cir. 1993) (per curiam).
 
 
 14
 A. Where the Notice of Appeal Must Be Filed
 
 
 15
 Agadaga contends that the applicable regulations allow for timely filing of the notice of appeal with either the IJ Office or the INS office. This contention has merit.
 
 
 16
 Section 3.3(a), entitled "Notice of Appeal," provides that: "[a]n appeal shall be taken by filing [the notice of appeal] in triplicate with the Service office or Office of the Immigration Judge having administrative jurisdiction over the case ...." 8 C.F.R. Sec. 3.3(a) (emphasis added). Thus, under the plain language of section 3.3(a), Agadaga's notice of appeal, which was submitted to the INS office on April 12, was timely filed. See Vlaicu, 998 F.2d at 760.
 
 
 17
 The INS argues that the correct reading of section 3.3(a) is that in those instances where the appeal is from a decision of a District Director, the notice of appeal must be filed with the applicable INS District Office; but that, where the appeal is from a decision of an IJ, the notice of appeal must be filed with the IJ Office. In addition, the INS observes that section 3.38(b) provides that "[t]he notice of appeal of the [IJ's] decision shall be filed with the Office of the Immigration Judge." 8 C.F.R. Sec. 3.38(b) (emphasis added).
 
 
 18
 In previous cases, we have carefully considered these same regulations and concluded that they "do not speak with one voice." Vlaicu, 998 F.2d at 760; see also Shamsi, 998 F.2d at 762-63. In Vlaicu, we held that the BIA must entertain an appeal by petitioners who had submitted their notice of appeal to the INS within the prescribed time even though the notice of appeal was untimely filed with the IJ Office because section 3.3(a) authorized filing of a notice of appeal with either the INS office or the Office of the Immigration Judge. 998 F.2d at 760; see also Cardoza-Fonseca, 480 U.S. 421, 449 (1987) ("longstanding principle of construing any lingering ambiguities in deportation statutes in favor of the alien"). Similarly, in Shamsi, we held that the BIA should not have dismissed petitioner's appeal as untimely because section 3.3(a) was misleading. 998 F.2d at 762-63.
 
 
 19
 Therefore, Agadaga's contention, at least when taken in conjunction with the further ambiguity regarding the number of days he had to file the notice of appeal, as discussed below, has merit.
 
 
 20
 B. The Time for Filing the Notice of Appeal
 
 
 21
 Agadaga also contends that he filed his notice of appeal with the IJ Office in a timely manner. This contention has merit.
 
 
 22
 The first paragraph of Form EOIR-26 states:
 
 
 23
 Filing: The notice of appeal with certificate of service on the opposing party must be filed ... within 10 calendar days (or thirteen calendar days if mailed) after service of the decision of the Immigration Judge.
 
 
 24
 (Emphasis in original). In addition, similar language is contained in one of the applicable regulations: "[t]he notice of appeal of the decision shall be filed ... within ten (10) calendar days after service of the decision. Time will be 13 days if mailed." 8 C.F.R. Sec. 3.38(b) (emphasis added). Another applicable regulation, however, provides that "[a]n appeal shall be taken within 10 days after the mailing of a written decision, or the stating of an oral decision ...," but "[w]hen service of the decision is made by mail, 3 days shall be added to the period prescribed for the taking of an appeal." 8 C.F.R. Sec. 242.21(a).
 
 
 25
 The "if mailed" language of both the Form EOIR-26 instructions and section 3.38(b) may, as the INS argues, be read as referring to the IJ's decision, especially if read in conjunction with section 242.21(a). Nonetheless, it also may be reasonably read as referring to the notice of appeal. In fact, in Vlaicu, we stated that "section 3.38 can be read as adding three days if the notice of appeal is mailed." Vlaicu, 998 F.2d at 759 n.1; see also Atiqullah v. INS, 39 F.3d 896, 898 (8th Cir. 1994) (per curiam) ("[s]ection 3.38(b) can reasonably be read to add three days if the notice of appeal is mailed"). So too can the instructions in Form EOIR-26.
 
 
 26
 It is not contested that the IJ's decision was rendered on April 4, that Agadaga's appeal was mailed on April 12, and that the appeal was filed with the IJ Office on April 15. Although it is not clear from the record when the IJ's written decision was served, the earliest date would be April 4, the date the IJ signed the written decision. If Agadaga had thirteen days from April 4 to file his notice of appeal, the filing deadline would have been April 17, and Agadaga's April 15 filing was, therefore, timely.
 
 C. Conclusion
 
 27
 Agadaga reasonably followed the plain language of section 3.3(a) and was reasonably misled by the ambiguous language of section 3.38(b) and Form EOIR-26. See 8 C.F.R. Sec. 3.3(a); Vlaicu, 998 F.2d at 759-60. His appeal, therefore, should not have been dismissed as untimely. Shamsi, 998 F.2d at 763; Vlaicu, 998 F.2d at 760; Hernandez-Rivera, 630 F.2d at 1354-55. Accordingly, we grant the petition for review and remand the case to the BIA for consider-ation of the merits of Agadaga's appeal.
 
 
 28
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3