

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-10-1995

# Huang v INS

Precedential or Non-Precedential:

Docket 94-3187

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Huang v INS" (1995). *1995 Decisions.* Paper 41.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/41

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


NO. 94-3187


CHUNG CHIU HUANG; CHUANG LI-CHUN HUANG;
HUA HUANG and YAO HUANG,

Petitioners

v.

IMMIGRATION & NATURALIZATION SERVICE,

Respondent


Petition for Review of an Order of the
Board of Immigration Appeals of the
Immigration and Naturalization Service
INS Nos. A72-188-520, A72-188-521, A72-363-558, A72-363-559


Argued October 25, 1994

BEFORE:  STAPLETON, HUTCHINSON and GARTH, <u>Circuit Judges</u>

(Opinion Filed February 10, 1995)



Frank W. Hunger
Assistant Attorney General
Civil Division

David J. Kline
Richard M. Evans (Argued)
Carl H. McIntyre, Jr.
U.S. Department of Justice
Office of Immigration Litigation
Ben Franklin Station
P.O. Box 878
Washington, D.C. 20044

Attorneys for Respondent

Daniel W. Ernsberger (Argued)
Behrend & Ernsberger
2400 Grant Building
Pittsburgh, PA  15129

Attorneys for Petitioners

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Chung Chiu Huang and his family are citizens of Taiwan. They came to the United States as visitors and remained beyond the authorized period.  An Immigration Judge found them deportable.  The Huangs' counsel attempted to appeal this decision, but the appeals were dismissed by the Board of Immigration Appeals as untimely.  We will grant the Huangs' petitions for review.

I.

The Immigration Judge issued a document memorializing his decision at the close of the hearing in Pittsburgh, Pennsylvania, on May 4, 1993.  The document reflected that it was being issued by the Executive Office for Immigration Review, 536 Clark Street, Chicago, Illinois.  Huangs' counsel prepared notices of appeal and attempted to file them in the local service office of the Immigration and Naturalization Service on Wednesday, May 12, 1993.  The clerk date-stamped the notices of

appeal, accepted the filing fees, and issued receipts for the fees.  The clerk declined to retain the notices of appeal, however, and instructed counsel to file them in the office of the Immigration Judge in Chicago.

Counsel mailed the notices, fee receipts, and certificates of service on opposing counsel to the office of the Immigration Judge by certified mail on May 12, 1993.  These documents were received in Chicago on Monday, May 17, 1993.

## II.

Part 3 of the Justice Department's regulations on Aliens and Nationality spells out the jurisdiction of the Board of Immigration Appeals and how one appeals to that Board from a decision of an Immigration Judge.   8 C.F.R. §§ 3.0-.40 (1993). Section 3.1(b) gives the Board appellate jurisdiction over various decisions of Immigration Judges, including deportation decisions.  Section 3.3(a) provides in part:

> § 3.3  Notice of appeal
>
> A party affected by a decision who is entitled under this chapter to appeal to the Board shall be given notice of his or her right to appeal.  An appeal shall be taken by filing Notice of Appeal Form I-290A in triplicate with the Service office or Office of the Immigration Judge having administrative jurisdiction over the case, within the time specified in the governing sections of this chapter. . . .

Section 3.38 then goes on to provide:

§ 3.38  Appeals.

> (a) Decisions of Immigration Judges may be appealed to the Board of Immigration Appeals as authorized by 8 C.F.R. 3.1(b).
>
> (b) The notice of appeal of the decision shall be filed with the Office of the Immigration Judge having administrative control over the Record of Proceeding within ten (10) calendar days after service of the decision.  <u>Time will be 13 days if mailed.</u> If the final date for filing falls on a Saturday, Sunday, or legal holiday, this appeal time shall be extended to the next business day.

8 C.F.R. § 3.38(a), (b) (emphasis supplied).

Consistent with these regulations, the preprinted form given to the Huangs by the Immigration Judge on May 4, 1993, contained the following instructions:

> This decision is final unless an appeal is taken to the Board of Immigration Appeals by returning to this office on or before <u>5-14-93</u> three copies of Form EOIR-26 Notice of Appeal, properly executed, together with a fee of one hundred ten dollars ($110.00).

App. 147.[1]

* * * *

> Filing.  This notice of appeal with a Certificate of Service on the opposing party must be filed with the Office of Immigration Judge having administrative control over the Record of Proceeding within 10 calendar days (<u>or 13 calendar days if mailed</u>) after service of the decision of the Immigration Judge.

---

[1].  Mr. Huang's copy of the document had "5-14-93" inserted in handwriting.  The other petitioners' copies contained a blank space where a date could be inserted.

> The Notice of Appeal is <u>not</u> to be forwarded
> directly to the Board of Immigration Appeals
> (BIA).

App. 138 (emphasis supplied).


                              III.

        The Board of Immigration Appeals, in both its original

decision and its decision on reconsideration, acknowledged that

the notices of appeal were mailed to the Chicago Office of the

Immigration Judge, that the notices were received by that office

on May 17, 1993, thirteen days after the decision appealed, and

that the controlling regulation is 8 C.F.R. § 3.38(b) (1993).  It

nevertheless concluded that the notices were untimely.

        The decisions of the Board acknowledge no ambiguity in

§ 3.38(b).  They read the sentence we have emphasized in the

above quotation to mean that the "time will be 13 days" if <u>the

decision of the Immigration Judge</u> is mailed, not if <u>the notice of

appeal</u> is mailed.  In its brief before us, however, the Service

acknowledges, as we think in fairness it must, that this portion

of § 3.38(b) is ambiguous if read alone.

        We view § 3.38(b) as at least ambiguous.  Moreover, we

believe any reasonable lawyer perceiving an ambiguity in that

section would regard that ambiguity as being clearly resolved by

the Service's own preprinted form instructions regarding the time

for filing.  The parenthetical "(or 13 calendar days if mailed)"

cannot reasonably be read in context as referring to the mailing

of the decision rather than the mailing of the notice.

While we might be willing to give some deference to the Board's reading of the Justice Department's regulations were it not for the advice on the preprinted form, we cannot condone its decision in this case. The agency[2] cannot advise participants in its process to read an ambiguous rule one way and, after they have acted, subject them to a more stringent requirement. Vlaicu v. INS, 998 F.2d 758, 760 (9th Cir. 1993) (finding 8 C.F.R. § 3.38(b) and a related notice misleading and holding that where "a party is 'misled by the court,' an appellate tribunal [has] jurisdiction to hear an otherwise untimely appeal"); Shamsi v. INS, 998 F.2d 761 (9th Cir. 1993) (same where regulations and notice are misleading as to place for filing notice of appeal from a decision of an Immigration Judge).

We have rejected the Board's suggestion that 8 C.F.R. § 242.21 somehow renders § 3.38(b) unambiguous. That regulation, which is a portion of Part 242 of Title 8, provides in part:

> (a) Pursuant to part 3 of this chapter an appeal shall lie from a decision of a special inquiry officer under this part to the Board of Immigration Appeals. An appeal shall be taken within 10 days after the mailing of a written decision, or the stating of an oral decision, or the service of a summary decision on Form I-38 or Form I-39. The reasons for the appeal shall be stated briefly in the Notice of Appeal, Form I-290A; failure to do so may constitute a ground for dismissal of the appeal by the Board. When service of the decision is made by mail, as authorized by this section, 3 days shall be

---

[2]. The Executive Office for Immigration Review is "responsible for the general supervision of the Board of Immigration Appeals. . . ." 8 C.F.R. § 3.0.

> added to the period prescribed for the taking of an appeal.

8 C.F.R. § 242.21 (emphasis supplied).  While we agree with the Board that the emphasized sentence extends the period for filing a notice of appeal by three days where the Immigration Judge has served the decision by mail, we cannot agree that this clears up the ambiguity in § 3.38(b).  The two sections can be read together to provide two distinct extensions and, in the context of the instructions on the preprinted form, we believe a reasonable practitioner, as well as a reasonable lay person, would so read them.[3]

The petitions for review will be granted, and the Board will be instructed to consider the Huangs' appeals on their merits.

---

[3].  The Service has also argued before us that the Huangs waived the issue we find dispositive by not raising it before the Board. Additionally, the Service has contended that the Immigration Judge's oral advice to the Huangs concerning the filing of an appeal cured any ambiguity.  We find neither argument persuasive.