48 F.3d 1227
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Angelica ALFARO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70525.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 10, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Aor-gti-arp.
 BIA
 PETITION DENIED.
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Angelica Alfaro, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal as untimely from an immigration judge's ("IJ") order of deportation. We have jurisdiction under 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 3
 We review de novo the BIA's determination that an appeal is untimely. Da Cruz v. INS, 4 F.3d 721, 722 (9th Cir.1993) (citing Montes v. Thornburgh, 919 F.2d 531, 534 (9th Cir.1990)).
 
 
 4
 Absent unique circumstances, the time limit for filing a notice of appeal with the BIA is mandatory and jurisdictional. See Hernandez-Rivera v. INS, 630 F.2d 1352, 1354-55 (9th Cir.1980). If an appeal is not taken within the allotted time, the right to appeal is lost, and the decision of the immigration judge becomes final. See Da Cruz, 4 F.3d at 722; 8 C.F.R. Sec. 3.39.
 
 
 5
 Immigration and Naturalization Service ("INS") regulations require that a party appealing an IJ's decision file a notice of appeal within ten days of the IJ's oral decision. See 8 C.F.R. Secs. 3.3(a), 3.38(b), 242.21(a); see also Vlaicu v. INS, 998 F.2d 758, 760 (9th Cir.1993) (discussing the ambiguity in the INS regulations regarding the place for filing the notice of appeal and the effect of mailing the notice of appeal); Shamsi v. INS, 998 F.2d 761, 762 (9th Cir.1993) (same). If an alien is even one day late in filing an appeal, the BIA has held that it lacks jurisdiction over the appeal. See In re G.Z., 5 I. & N. Dec. 295 (BIA 1953).
 
 
 6
 Here, Alfaro concedes that the appeal was filed one day late and thus was untimely. Alfaro, however, contends that there was "excusable neglect." Specifically, Alfaro contends that the delay was the result of ineffective assistance of counsel by her former counsel. Nevertheless, because Alfaro failed to timely appeal, the BIA was without jurisdiction to hear the appeal, and we have no jurisdiction to review the immigration judge's decision. See Da Cruz, 4 F.3d at 722; 8 U.S.C. Sec. 1105a(c); Xiao v. Barr, 979 F.2d 151, 153 (9th Cir.1992).
 
 
 7
 As the INS observes in its brief, however, the proper course of action is for Alfaro to file a motion to reopen with the BIA, raising her claims of ineffective assistance of counsel and new evidence. See Roque-Carranza v. INS, 778 F.2d 1373, 1378 (9th Cir.1985); Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988); see also Motta v. District Director, INS, 869 F.Supp. 80, 94-97 (D.Mass.1994) (court found that failure of alien's counsel to file timely appeal could result in claim for ineffective assistance of counsel under fifth amendment where BIA dismissed appeal as untimely and alien was statutorily eligible for discretionary relief).
 
 
 8
 Accordingly, in exercise of our discretion, we stay our mandate for 60 days from the filing of this memorandum to allow Alfaro the opportunity to file a motion to reopen with the BIA. Within fourteen days of the expiration of this period, each party shall file a status report. If Alfaro files a motion to reopen, the mandate will be further stayed for such time as is necessary for the BIA's disposition of the motion. See Roque-Carranza, 778 F.2d at 1374. If Alfaro fails to file a motion to reopen within the 60-day period or fails to file a timely status report, the mandate may issue without further notice.
 
 
 9
 PETITION FOR REVIEW DISMISSED FOR LACK OF JURISDICTION.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3