74 F.3d 1249
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kun Chiang TSAI, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 95-9507.
(No. Agw-cwk-sbs)
 United States Court of Appeals, Tenth Circuit.
 Jan. 16, 1996.
 
 Before BRORBY, HOLLOWAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this appeal, petitioner asks us to determine whether the Board of Immigration Appeals (BIA) properly dismissed his appeal from an adverse decision by an immigration judge as untimely. Because new evidence in the form of an affidavit from petitioner's attorney has come to light for the first time on appeal, we vacate the decision of the BIA and remand this case under 28 U.S.C. 2347(c) for further development and consideration of the new evidence presented.
 
 
 3
 In August 1990, an immigration judge found petitioner to be deportable. More than four years later, the BIA determined that the notice of appeal filed from that judgment was untimely and dismissed the appeal. Never during the pendency of the appeal was the timeliness issue ever raised. It is undisputed that the first time petitioner's counsel learned of a late notice problem was when he read the final order from the BIA dismissing the appeal.
 
 
 4
 In response to this situation, counsel attached an affidavit to the opening brief submitted to this court stating that he did not receive the decision of the immigration judge until August 21, 1990, the day after the notice of appeal to the BIA was due. Appellant's Br. at iv. The immigration judge's decision was accompanied by a transmittal letter dated August 7, 1990, informing petitioner that the decision would be final unless an appeal was taken on or before August 20, 1990. R. at 48. Counsel avers that, upon receipt of the decision, he instructed his paralegal to contact the Immigration Office where the paralegal was told that an extension of time to file the appeal would be granted because of the delay in mailing.
 
 
 5
 Whether the BIA had jurisdiction to consider an untimely appeal is a question of law which we review de novo. Da Cruz v. INS, 4 F.3d 721, 722 (9th Cir.1993). "The time limit for filing an appeal is mandatory and jurisdictional." Id. Nonetheless, in unique circumstances, "if a party is 'misled by the words or conduct of the court,' an appellate tribunal may have jurisdiction to hear an otherwise untimely appeal." Vlaicu v. INS, 998 F.2d 758, 760 (9th Cir.1993) (quoting Hernandez-Rivera v. INS, 630 F.2d 1352, 1355 (9th Cir.1980)).
 
 
 6
 As an appellate court, we are not in a position to determine whether the facts, as characterized by petitioner's counsel, are accurate and whether, in fact, petitioner was misled by the words or conduct of someone in the Immigration Office. We acknowledge that, absent evidence to the contrary, the date of the transmittal letter accompanying the decision of the immigration judge would establish the date of mailing. However, in this case we have evidence in the form of counsel's affidavit bringing into question whether the decision was actually mailed on August 7, 1990. Cf. Karimian-Kaklaki v. INS, 997 F.2d 108, 111 (5th Cir.1993)(finding date of transmittal letter dispositive evidence of date of mailing in the absence of showing by petitioner regarding actual date of receipt).
 
 
 7
 Petitioner urges us to remand this case to the BIA under the provisions of 28 U.S.C. 2347(c). That provision provides that:
 
 
 8
 If a party to a proceeding to review applies to the court of appeals in which the proceeding is pending for leave to adduce additional evidence and shows to the satisfaction of the court that ---
 
 
 9
 (1) the additional evidence is material; and
 
 
 10
 (2) there were reasonable grounds for failure to adduce the evidence before the agency; the court may order the additional evidence and any counterevidence the opposite party desires to offer to be taken by the agency. The agency may modify its findings of fact, or make new findings, by reason of the additional evidence so taken, and may modify or set aside its order, and shall file in the court the additional evidence, the modified findings or new findings, and the modified order or the order setting aside the original order.
 
 
 11
 28 U.S.C. 2347(c).
 
 
 12
 Petitioner's application[2] for remand clearly falls within the auspices of this statute. The question whether petitioner was granted an oral extension by someone in the Immigration Office is certainly material. Nor can it be doubted that petitioner had reasonable grounds for his failure to bring this evidence to the attention of the BIA. As mentioned above, petitioner's appeal had been on file for more than four years with no indication from the INS or anyone else associated with its disposition that there might be a jurisdictional problem afoot. Indeed, petitioner was granted an extension of time to file a revised brief by the clerk's office of the BIA well after the notice of appeal was filed with no hint from the agency that the appeal was untimely. Under these circumstances, we agree with petitioner that there were reasonable grounds for his failure to present the affidavit to the BIA in the first instance and that remand under 28 U.S.C. 2347(c) is appropriate.[3]
 
 
 13
 The decision of the BIA is VACATED, and this case is REMANDED to the BIA to reopen the case and for such further proceedings as are necessary for the BIA's disposition of petitioner's application in accordance with 28 U.S.C. 2347(c).
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Although petitioner has not filed a separate document formally styled an "application," we construe his request in his opening brief for a remand to the BIA, see Appellant's Opening Br. at 11, coupled with the government's explicit discussion of 2347(c) in its brief, see Respondent's Br. at 11, sufficient to satisfy the statutory requirement for an application
 
 
 [3]
 Because this case involves the need for additional evidence in a case pending before a court of appeals, as opposed to a situation where a motion to reopen is initiated with the BIA, 2347(c), and not 8 C.F.R. 3.2, is the appropriate vehicle under which to proceed. Becerra-Jiminez v. INS, 829 F.2d 996, 1001 (10th Cir.1987)