86 F.3d 1161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio ESTEBAN-NICOLAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70383.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1996.*
Decided May 17, 1996.
 
 Before: LAY,** FERGUSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Antonio Esteban-Nicolas, a native and citizen of Guatemala, appeals the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the Immigration Judge's decision denying his application for asylum and withholding of deportation. See 8 U.S.C. §§ 1158(a), 1253(h). The BIA dismissed the appeal because it was untimely. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and we deny the petition for review.
 
 DISCUSSION
 
 3
 We review de novo whether the BIA had jurisdiction to consider an untimely appeal. Da Cruz v. INS, 4 F.3d 721, 722 (9th Cir.1993). Section 242.21 of Title 8 of the Code of Federal Regulations provides in pertinent part that "[a]n appeal shall be taken within 10 days after ... the stating of an oral decision" by the Immigration Judge. This time limit for filing an appeal is mandatory and jurisdictional. Da Cruz, 4 F.3d at 722. However, "in unique circumstances, if a party is 'misled by the words or conduct of the court,' an appellate tribunal may have jurisdiction to hear an otherwise untimely appeal." Vlaicu v. INS, 998 F.2d 758, 760 (9th Cir.1993) (quoting Hernandez-Rivera v. INS, 630 F.2d 1352, 1354-55 (9th Cir.1980)).
 
 
 4
 In the present case, the Immigration Judge delivered his oral decision to petitioner's attorney on March 30, 1994. Esteban-Nicolas had 10 days to file a notice of appeal. Because petitioner's attorney mailed a notice of appeal to the wrong location, no notice of appeal was properly filed within the proscribed time period. Subsequently, Esteban-Nicolas filed a notice of appeal on August 8, 1994. Accordingly, because Esteban-Nicolas' appeal was filed over four months late, the BIA properly dismissed his appeal for lack of jurisdiction.
 
 
 5
 Esteban-Nicolas argues that the BIA erred by dismissing his appeal as untimely because the untimeliness of the appeal was the fault of his prior attorney. Ineffective assistance of counsel claims are properly addressed by filing a motion to reopen with the BIA. See Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985); Matter of Lozada, 19 I & N. Dec. 637 (BIA1988). Esteban-Nicolas has already filed a motion to reopen with the BIA and this motion is pending. Thus, we do not address the ineffective assistance of counsel claim.
 
 
 6
 Esteban-Nicolas also argues that the BIA abused its discretion by not taking his appeal upon certification. The BIA occasionally considers untimely appeals under its certification authority. Shamsi v. INS, 998 F.2d 761, 762 n. 2 (9th Cir.1993); see 8 C.F.R. § 3.1(c). The decision to certify an appeal is entirely within the BIA's discretion. Shamsi v. INS, 988 F.2d at 762 n. 2. Thus, the BIA had discretion to decline to certify Esteban-Nicolas' appeal and dismiss the appeal.
 
 
 7
 Finally, Esteban-Nicolas asks this court to review his asylum and withholding of deportation claims. Our review is confined to the BIA's decision and the bases upon which the BIA relied in reaching its decision. De La Cruz v. INS, 951 F.2d 226, 228 (9th Cir.1991); Martinez-Zelaya v. INS, 841 F.2d 294, 296 (9th Cir.1988). Therefore, we do not have jurisdiction to review the merits of Esteban-Nicolas' asylum claim.
 
 
 8
 Accordingly, the petition for review is denied and the decision of the BIA is affirmed.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, United States Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3