101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gevork PETROSYAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70407.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.*
Decided Nov. 14, 1996.
 
 1
 Petition for Review of a Decision of the Board of Immigration Appeals, No. Axz-puu-myq.
 
 
 2
 B.I.A.
 
 
 3
 REVIEW DENIED.
 
 
 4
 Before: FERNANDEZ and HAWKINS, Circuit Judges and SCHWARZER,** District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 Gevork Petrosyan, a native and citizen of Armenia, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing as untimely his appeal of the decision of the immigration judge ("IJ") who denied Petrosyan's applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a.
 
 
 7
 Petrosyan contends that the BIA misled him into thinking that the BIA had accepted the appeal on certification. We review de novo whether the BIA had jurisdiction to consider an untimely appeal. Montes v. Thornburgh, 919 F.2d 531, 534 (9th Cir.1990). We disagree with Petrosyan's argument and deny the petition.
 
 
 8
 The time limit for filing an appeal is mandatory and jurisdictional. Da Cruz v. INS, 4 F.3d 721, 722 (9th Cir.1993). When a party does not appeal within the allotted time, that party loses the right to appeal. Id. The only exception to this rule occurs when the decision of an IJ is certified to the BIA. Id.
 
 
 9
 Petrosyan concedes that he filed his appeal one day late. Thus, the BIA had no jurisdiction to consider his appeal unless the BIA certified the appeal. When certification occurs, however, all parties receive notice of the certification and an opportunity to respond. 8 C.F.R. §§ 3.1(c), 3.7 (1996). That did not occur in this case; petitioner's allegation that the BIA accepted the case on certification has no support in the record.
 
 
 10
 Petitioner also cannot succeed on a claim of "unique circumstances." See Shamsi v. INS, 998 F.2d 761, 762 (9th Cir.1993); Hernandez-Rivera v. INS, 630 F.2d 1352, 1354 (9th Cir.1980). In Vlaicu v. INS, 998 F.2d 758 (9th Cir.1993), we held that "in unique circumstances, if a party is 'misled by the words or conduct of the court,' an appellate tribunal may have jurisdiction to hear an otherwise untimely appeal." Id. at 760 (quoting Hernandez-Rivera, 630 F.2d at 1354-55). Petitioner argues that the BIA misled him into believing that it had accepted the case on certification, because it provided petitioner with a hearing transcript and solicited a written brief from him.
 
 
 11
 Petitioner's claim is unavailing. The IJ made very clear to petitioner the time in which to file his appeal, and the consequences of late filing. The IJ had similarly admonished petitioner in the past, concerning the need to show up for his hearing, and petitioner had followed the IJ's instructions. Thus, petitioner can neither claim that the IJ's instructions were misleading, nor that he failed to understand the IJ for some other reason.
 
 
 12
 The BIA correctly held that it was without jurisdiction to hear petitioner's untimely appeal. The petition is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3