**Kulwant Singh SISODIA;
et al., Petitioners,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 01–70701
INS Nos. A72–125–805,
INS A72–402–194.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 22, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Farshidian's request for oral argument.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Kulwant Singh Sisodia and Manisha Sisodia, natives and citizens of India, petition pro se for review of the Board of Immigration Appeals' ("BIA") decision dismissing as untimely their appeal of an Immigration Judge's ("IJ") order denying their applications for asylum and withholding of deportation. Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c), *see Avetova–Elisseva v. INS*, 213 F.3d 1192, 1195 n. 4 (9th Cir.2000). We review de novo whether the BIA has jurisdiction over an untimely appeal, *Da Cruz v. INS*, 4 F.3d 721, 722 (9th Cir.1993), and we grant the petition for review.

Both the Sisodias and the Immigration and Naturalization Service agree that the notice of appeal was filed no later than the twelfth day after the IJ's decision. The instruction on the Notice of Appeal form EOIR–26 in use in March of 1996 states the notice of appeal "must be filed with the Office of Immigration Judge having administrative control over the Record of Proceeding within 10 calendar days (*or 13 calendar days if mailed*) after service of the decision of the Immigration Judge." This instruction either extends the deadline by three days for notices of appeal that are mailed or is sufficiently ambiguous to lead an appellant to reasonably believe that the deadline is extended. *See Vlaicu v. INS*, 998 F.2d 758, 759 n. 1 (9th Cir.1993) (per curiam).

Therefore, either the Sisodias timely appealed the IJ's decision or failed to timely

appeal because they were misled by the form furnished by the Immigration Court. *See Shamsi v. INS*, 998 F.2d 761, 763 (9th Cir.1993) (per curiam). "Under certain unique circumstances, an appellate tribunal may have jurisdiction to hear an appeal that was not filed within the prescribed time limits." *Hernandez–Rivera v. INS*, 630 F.2d 1352, 1354 (9th Cir.1980). This case presents one of those rare circumstances. *See id.* We, therefore, grant the Sisodias' petition for review, reverse the BIA's order dismissing the Sisodias' appeal, and remand this case to the BIA for adjudication on the merits.

**PETITION FOR REVIEW GRANTED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.