Marin Solano ROBLES–DOROTEO; Martha Heroina Gomez–Santos, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–71787.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2003.

Decided Nov. 18, 2003.

Noemi G. Ramirez, Attorney at Law, Linnette Tano Clark, Law Office of Linnette Tano Clark, Los Angeles, CA, for Petitioners.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Donald A. Couvillon, Esq., Norah Ascoli Schwarz, Esq., John C. Cunningham, Esq., Robbin K. Blaya, Esq., Patricia A. Smith, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, RYMER, and GRABER, Circuit Judges.

---

MEMORANDUM *

Marin Robles–Doroteo and Martha Heroina Gomez–Santos (collectively, Robles–Doroteo), natives and citizens of Peru, petition for review of the decision by the Board of Immigration Appeals (BIA) dismissing as untimely their appeal from denial of their requests for asylum and withholding of removal. We deny the petition.

We cannot say that the BIA abused its discretion in declining to accept Robles–Doroteo's appeal on certification. 8 C.F.R. § 1003.1(c); *Shamsi v. INS,* 998 F.2d 761, 762 n. 2 (9th Cir.1993) (per curiam). Assuming that equitable tolling applies, *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1184 (9th Cir.2001) (en banc), the clock began to run once Robles–Doroteo and new counsel learned of the notary's failure, *cf. Iturribarria v. INS,* 321 F.3d 889, 899 (9th Cir.2003) (indicating that the limitation period begins to run when the petitioner first became aware of prior representative's fraud); *Socop–Gonzalez,* 272 F.3d at 1194–97 (tolling the limitations period until the date that INS error was discovered, or with due diligence should have been discovered). Because an appeal should have been taken within thirty days of the immigration judge's decision, 8 C.F.R. § 1003.38, the request for appeal by certification should have been filed within thirty days of the date of discovering the notary's error. However, it was not and, as the BIA found, this means that the appeal was untimely.

Robles–Doroteo argues that he met the *Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (B.I.A.1988), requirements to reopen his case before the Board, but the Board did not hold otherwise. Instead, the BIA acknowledged the point but held that the appeal was untimely because

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

it was not filed within thirty days after the notary's error was discovered by counsel.

In denying Robles–Doroteo's petition we express no opinion about other avenues of relief that might be available, such as a petition for writ of habeas corpus.

PETITION DENIED.

BETTY B. FLETCHER, Circuit Judge, concurring.

I concur in the result, but I write separately because I would base the decision on narrower grounds. The claim that Petitioner presented to the BIA was, in substance, a motion to reopen, and should have been treated as such. Motions to reopen must be filed with 90 days of the date of entry of a final administrative order of removal. 8 U.S.C. § 1229a(c)(6). With equitable tolling until Robles–Doroteo learned that their appeal had not been filed, they exercised due diligence by filing their ineffective assistance claim well within the 90 days allotted for filing a motion to reopen. *See Iturribarria v. INS*, 321 F.3d 889 (9th Cir.2002); *Socop–Gonzalez v. INS*, 272 F.3d 1176 (9th Cir.2001) (en banc) (holding that the BIA should have granted the petitioner equitable tolling, and with tolling his motion to reopen was timely). However, I concur on the narrow ground that Petitioners do not argue that the claim they presented to the BIA was a motion to reopen and stated at oral argument that the claim was a request for certification of their appeal. I agree that the Board did not abuse its discretion in refusing to certify Robles–Doroteo's appeal to itself.

The BIA appropriately classifies claims according to the substance of the claim, even if mis-labeled. *See, e.g., Iturribarria*, 321 F.3d at 894–97; *Varela v. INS*, 204 F.3d 1237, 1239 n. 4 (9th Cir.2000); *Zhao v. U.S. Dept. of Justice*, 265 F.3d 83, 90–91 (2d Cir.2001); *Wang v. Ashcroft*, 260 F.3d 448, 451–52 (5th Cir.2001). The claim that the Petitioners presented to the BIA was in substance a motion requesting that the Board reopen their case and consider their untimely appeal. The claim argues that Petitioners meet the requirements to reopen their case and requests reopening. Their claim conforms to the standards for motions to reopen, by stating new evidence that could not have been presented to the immigration judge and providing supporting affidavits and other documentation. *See* 8 C.F.R. § 1003.2.

Motions to reopen are the usual and proper method for asserting ineffective assistance of counsel claims before the BIA. *Iturribarria*, 321 F.3d at 891, 896 ("as a practical matter, a motion to reopen is the only avenue ordinarily available to pursue ineffective assistance of counsel claims"); *Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1123 (9th Cir.2000) ("A motion to reopen is the procedural vehicle through which a petitioners may bring, usually for the first time, an ineffective assistance of counsel claim"); *Varela*, 204 F.3d at 1239; *Arreaza–Cruz v. INS*, 39 F.3d 909, 912 (9th Cir.1994) ("Arreaza failed to raise his ineffective assistance of counsel claim before the Board of Immigration Appeals. Arreaza should have raised the claim ... in a motion to reopen"). Because Robles–Doroteo's claim was argued as a motion to reopen and a motion to reopen is the usual vehicle for presenting ineffective assistance of counsel claims, the BIA should have treated it as a motion to reopen notwithstanding the inappropriate label.

Although Petitioners have a strong ineffective assistance of counsel claim and plausible grounds to appeal the denial of their asylum claim, I do not address them because the majority did not do so and I ultimately concur in the result.