**Raul Noriega SANTIAGO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74737.

United States Court of Appeals, Ninth Circuit.

462

Submitted July 24, 2006.*

Filed Aug. 1, 2006.

Alexander H. Lubarsky, Esq., San Mateo, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, Kurt B. Larson, Esq., U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Raul Noriega Santiago, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal as untimely. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. Reviewing de novo, *Da Cruz v. INS,* 4 F.3d 721, 722 (9th Cir.1993), we deny in part and dismiss in part the petition for review.

The BIA did not err or violate due process by dismissing Noriega Santiago's appeal. He filed his notice of appeal more than 30 days after the immigration judge's ("IJ") decision, and the 30–day time limit for filing a notice of appeal is ordinarily mandatory and jurisdictional. *See Vlaicu v. INS,* 998 F.2d 758, 759 (9th Cir.1993) (per curiam).

Jurisdiction over an untimely appeal may exist in unique circumstances when a party is "misled by the words or conduct of the court" into believing that his appeal was timely. *Id.* at 760 (misleading agency information regarding filing deadline); *see also Shamsi v. INS,* 998 F.2d 761, 762–63 (9th Cir.1993) (per curiam) (misleading agency information regarding how and where to file). Unique circumstances do not exist here because the filing receipt and briefing schedule generated by the BIA were sent after Noriega Santiago missed the filing deadline, and did not mislead him as to when or how to file the notice of appeal.

Because the appeal was untimely, we lack jurisdiction to review the IJ's pretermission of Noriega Santiago's application for cancellation of removal. *See Da Cruz,* 4 F.3d at 722–23.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.