**Ginder KAUR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–74909.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2009.*

Filed May 21, 2009.

Hardeep Singh Rai, Indus Law Group LLP, Rebecca Rudzianis, Esquire, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Michelle Gorden Latour, Esquire, Assistant Director, Oil, Michele Yvette Frances Sarko, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, CANBY and
BERZON, Circuit Judges.

MEMORANDUM **

Ginder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

judge's ("IJ") decision denying her motion to reopen proceedings and dismissing her untimely appeal from an IJ's order denying asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in dismissing Kaur's appeal from the IJ's denial of her "motion to re-issue/ re-open." *See id.* at 895–96. Kaur's motion presented no new facts related to the underlying claim, and did not move to reopen based on ineffective assistance of counsel, but sought only to extend the period to file an appeal to the BIA. The regulations do not authorize an IJ to reopen a case on that basis. *See* 8 C.F.R. §§ 1003.2(c) (stating requirements for motion to reopen).

We lack jurisdiction to consider the BIA's discretionary decision not to certify Kaur's untimely appeal to itself. *See Vlaicu v. INS,* 998 F.2d 758, 759 (9th Cir.1993); *cf. Ekimian v. INS,* 303 F.3d 1153, 1157–59 (9th Cir.2002).

We also lack jurisdiction to consider Kaur's challenges to the IJ's underlying order denying relief, as the petition is not timely to that order. *See Andia v. Ashcroft,* 359 F.3d 1181, 1183 n. 3 (9th Cir. 2004) (per curiam).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**