**ATIQULLAH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 94–1078.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1994.

Decided Nov. 8, 1994.

Joseph Lopez Wilson, Omaha, NE, for appellant.

Richard M. Evans, Washington, DC, for appellee.

Before WOLLMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.

PER CURIAM.

The Board of Immigration Appeals (BIA) summarily dismissed, as untimely filed, petitioner Atiqullah's appeal of an order deporting him to Pakistan. Atiqullah petitions for review of the dismissal. We grant the petition and reverse.

In 1986, Atiqullah escaped to Pakistan from his native Afghanistan. He entered the United States as an exchange visitor in May 1988 and stayed beyond his two-year visa. Following a deportation and asylum hearing, the Immigration Judge (IJ) concluded on June 4, 1991, that Atiqullah was eligible for withholding of deportation, but, in the exercise of discretion, ordered Atiqullah deported to Pakistan.

The IJ's memorandum of oral decision stated: "This decision is final unless an appeal is taken to the Board of Immigration Appeals by returning to this office on or before 6/14/91 three copies of Form EOIR–26, Notice of Appeal, properly executed, together with a fee of one hundred ten dollars." Atiqullah's counsel received a fax transmittal memo containing the Form EOIR–26 from the Immigration and Naturalization Service (INS) Omaha District Office on June 13 and informing Atiqullah that the IJ's new address was 536 Clark Street, Chicago, Illinois 60604. (The correct zip code was 60605.) Form EOIR–26 stated:

> **Filing.** This notice of appeal with Certificate of Service on the opposing party must be filed with the Office of Immigration Judge having administrative control over the Record of Proceeding within 10 calendar days (*or 13 calendar days if mailed*) after service of the decision of the Immigration Judge. The Notice of Appeal is not to be forwarded directly to the Board of Immigration Appeals (BIA).

Atiqullah mailed his Form EOIR–26 on June 14, 1991, using the incorrect zip code he was provided. The notice of appeal was filed on July 2, 1991. He also mailed a separate notice of appeal to the INS Omaha District Office; it arrived on June 17. More than two years later, on November 15, 1993, the BIA dismissed the appeal as untimely.

Atiqullah argues that his case presents "unique circumstances" justifying an exception to the filing deadline. First, 8 C.F.R. § 3.38(b)[1] is ambiguous and can be interpreted as allowing thirteen days if the notice of appeal is mailed; second, the IJ's memorandum referred to "returning" (not filing) the notice of appeal to "this office," and the letterhead cited the Executive Office of Immigration Review, not the Office of the Immigration Judge; third, the separate notice of appeal Atiqullah mailed to the INS Omaha District Office was received on June 17, and thus the notice should be deemed filed on that date under 8 C.F.R. § 3.3(a) ("[a]n appeal shall be taken by filing [the notice of appeal] with the Service office or Office of the Immigration Judge"); and fourth, INS personnel misled him by giving him the wrong address of the Office of the Immigra-

---

1. That section provides: "The notice of appeal of the decision shall be filed with the Office of the Immigration Judge having administrative control over the Record of Proceeding within ten (10) calendar days after service of the decision. Time will be 13 days if mailed."

tion Judge, which caused the fifteen-day delay.

The INS, arguing that the appeal was properly dismissed as untimely, concedes that 8 C.F.R. § 3.38(b) could be construed to mean that, if the notice of appeal is mailed, the notice can be filed within thirteen days. The INS argues, however, that when section 3.38(b) is read in conjunction with 8 C.F.R. § 242.21(a) ("[w]hen service of the decision is made by mail, as authorized by this section, 3 days shall be added"), it is clear that thirteen days are allowed only if the IJ's decision is mailed.

Generally, the time limit for filing a notice of appeal to the BIA is mandatory and jurisdictional. *Hernandez–Rivera v. INS*, 630 F.2d 1352, 1354 (9th Cir.1980). In unique circumstances, if "a party is 'misled by the words or conduct of the court,' an appellate tribunal may have jurisdiction to hear an otherwise untimely appeal." *Vlaicu v. United States INS*, 998 F.2d 758, 760 (9th Cir.1993) (per curiam) (quoting *Hernandez–Rivera*, 630 F.2d at 1354–55).

We find unpersuasive the INS's argument that section 242.21(a) clears up any ambiguity. That section involves appeals from decisions of a special inquiry officer, hardly a source a petitioner is likely to refer to or rely on for guidance. We also agree with the Ninth Circuit that the references to "13 days" in sections 242.21(a) and 3.38(b) could be construed differently. *See Vlaicu*, 998 F.2d at 759 n. 1.

We conclude that unique circumstances are presented by both the ambiguous language in the regulation, justifying Atiqullah's June 14 mailing (rather than filing), and the incorrect zip code, excusing his late filing. *See also Shamsi v. INS*, 998 F.2d 761, 762 (9th Cir.1993) (per curiam). Atiqullah received several ambiguous and misleading instructions from the INS about where and when to send his notice of appeal. Section 3.38(b) can reasonably be read to add three days if the notice of appeal is mailed, and Atiqullah could have reasonably assumed that his June 14 mailing would result in a timely filing on June 17. Additionally, the plain language of section 3.3(a) allows for the

notice of appeal to be submitted to the "INS Service office." Thus, we deem as properly filed the separate notice of appeal submitted to the INS Omaha District office on June 17. *See Vlaicu*, 998 F.2d at 760.

Accordingly, we reverse the BIA's dismissal of Atiqullah's appeal and remand for further proceedings.