**Manouchehr NADERPOUR, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 94–1341.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1994.

Decided April 7, 1995.

Mark Bloomquist, Minneapolis, MN, argued, for petitioner.

Teresa Wallbaum, Washington, DC, argued (Frank W. Hunger, Robert Kendall, Jr. and Karen Fletcher Torstenson, on the brief), for respondent.

Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and MAGILL, Circuit Judge.

ROSS, Senior Circuit Judge.

Petitioner Manouchehr Naderpour, an Iranian native, appeals from the Board of Immigration decision concluding that his appeal from an immigration judge's denial of his

petition for asylum was untimely. We grant the petition for review and reverse.

## I.

Petitioner fled Iran in 1985 and eventually entered the United States on a student visa. In November 1989, deportation proceedings were instituted against him after he missed a semester of school, thereby invalidating his student visa. Petitioner applied to the Immigration and Naturalization Service (INS) for asylum, pursuant to 8 U.S.C. §§ 1101(a)(42)(A) and 1158(a), claiming that he has a well-founded fear of persecution by the Iranian government due to his and his family members' political beliefs and activities. On June 26, 1990, the immigration judge found petitioner deportable and rejected his application for asylum. In both the oral decision and in the subsequent written memorandum decision, the immigration judge stated that petitioner had until July 9, 1990 to file his appeal. Petitioner appealed the decision to the Board of Immigration Appeals (Board) and also moved to reopen the hearing before the immigration judge on the basis of newly discovered evidence.

On July 6, 1990, petitioner's counsel mailed Form EOIR–26, Notice of Appeal, to the immigration judge. However, payment of the filing fee required under 8 C.F.R. § 3.3(b) did not accompany the notice of appeal form, and consequently, the notice of appeal was neither date-stamped nor filed until July 12, 1990, when the filing fee was actually received.

On January 12, 1994, three and a half years after the notice of appeal was filed, the Board dismissed the appeal as untimely. The Board reasoned that the appeal was due on July 6, 1990, despite the immigration judge's direction that the appeal was due July 9, 1990. The Board then held that because the record indicates that the notice of appeal was filed on July 12, 1990, the appeal should be dismissed as untimely.

Petitioner argues the notice of appeal was timely filed because the notice of appeal form was received by the immigration judge's office by the filing deadline, July 9, 1990, and

because the filing fee was not a jurisdictional requirement.

## II.

The parties in the present case disagree as to whether the regulations allow a petitioner ten or thirteen days in which to appeal from the immigration judge's decision. One applicable regulation provides that "[t]he notice of appeal of the decision shall be filed with the Office of the Immigration Judge ... within ten (10) calendar days after service of the decision. *Time will be 13 days if mailed.*" 8 C.F.R. § 3.36(b) (1990) (emphasis added)[1]. Another regulation specifies that "[a]n appeal shall be taken within 10 days after the mailing of a written decision, or the stating of an oral decision.... *When service of the decision is made by mail, ... 3 days shall be added* to the period prescribed for the taking of an appeal." 8 C.F.R. § 242.21(a) (emphasis added).

The ambiguity in the regulations is further compounded by the instructions on the back of Form EOIR–26, Notice of Appeal, which appear to allow thirteen days to appeal if the *notice of appeal* is mailed. These instructions provide that "this notice of appeal ... must be filed with the Office of Immigration Judge ... within 10 calendar days (*or 13 calendar days if mailed* ) after service of the decision of the Immigration Judge." Form EOIR–26 (emphasis in original).

Petitioner argues that because he chose to mail his notice of appeal, the regulations and instructions allowed thirteen days, or until July 9, 1990, in which to file his appeal. We agree that the two rules and related instructions create an ambiguity as to whether a notice of appeal, if mailed, must be filed ten or thirteen days after the immigration judge's decision. *See Vlaicu v. INS*, 998 F.2d 758, 759 n. 1 (9th Cir.1993) ("Section 242.21(a) appears to add 3 days if the decision of the Immigration Judge is served by mail, while section 3.38 can be read as adding 3 days if the notice of appeal is mailed."). In fact, this court has recently addressed the relationship of these two regulations in *Atiqullah v. INS*, 39 F.3d 896, 898 (8th Cir.

---

1. Section 3.36 was redesignated as § 3.38. *See*   57 Fed.Reg. 11568, 11570 (April 6, 1992).

1994). In *Atiqullah,* this court rejected the INS's argument that section 242.21(a) clears up any ambiguity in the regulations. Instead, we stated that section 242.21(a) "involves appeals from decisions of a special inquiry officer, hardly a source a petitioner is likely to refer to or rely on for guidance." *Id.* We concluded that section 3.38 (formerly section 3.36) "can reasonably be read to add three days if the notice of appeal is mailed," and because of the "unique circumstances" presented by the ambiguous language of the regulations, we held that the notice of appeal should be deemed as properly filed. *Id.*

■ This ambiguity in the regulations and instructions, coupled with the immigration judge's explicit statement in both his oral and written decisions that the appeal was due July 9, 1990, compels the conclusion that July 9, 1990 was the proper deadline for a timely appeal. Even if we assume the regulations only allowed ten days to appeal, "[i]n unique circumstances, if 'a party is misled by the words or conduct of the court, an appellate tribunal may have jurisdiction to hear an otherwise untimely appeal.'" *Id.* at 898 (citing *Vlaicu,* 998 F.2d at 760); *see also Hernandez–Rivera v. INS,* 630 F.2d 1352, 1354–55 (9th Cir.1980). In such a situation, the notice of appeal may be deemed to have been constructively filed within the jurisdictional time limits. *Atiqullah,* 39 F.3d at 898.

## III.

■ The INS also argues that even if we assume the filing deadline was July 9, 1990, petitioner's appeal still remains untimely because the appropriate filing fee was not received by the office until July 12, 1990, after the filing deadline. 8 C.F.R. § 3.3(b) provides that the notice of appeal "shall be accompanied by the appropriate fee." This section does not state, however, that failure to submit the fee with the notice of appeal will result in dismissal of the appeal, nor does it provide that the jurisdictional date for receipt of the notice of appeal is governed by the date the immigration judge's office receives satisfactory payment. Indeed, section 3.3(b) also provides "[t]he Board may, in its discretion, authorize the prosecution of any appeal or motion without prepayment of fee."

Consequently, payment of the fee contemporaneous with the notice of appeal is not a jurisdictional requirement.

■ There is no indication the Board dismissed the appeal because of petitioner's failure to file the fee with the notice of appeal. Instead, the Board's decision is based on its observation of the July 12, 1990 date-stamp affixed to the notice of appeal. We conclude, in light of the circumstances in this case, that it would have been an abuse of the Board's discretion to dismiss this appeal because the filing fee did not accompany the notice of appeal. We have previously rejected an agency's argument that failure to pay a docketing fee at the time of appeal rendered the appeal untimely. *B.J. McAdams, Inc. v. ICC,* 551 F.2d 1112, 1115 n. 3 (8th Cir.1977). In *B.J. McAdams,* we stated that "[a] contrary result would introduce pointless and unfavorable rigidity into the means for obtaining judicial review." To deny petitioner's appeal in the present case because of a failure to file the fee with an otherwise timely appeal, with the effect of deporting petitioner to possible persecution in Iran, would be a classic case of placing form over substance. In so holding, we note that deportation is a drastic measure and at times the equivalent of banishment or exile, and therefore we adhere to the Supreme Court's "longstanding principle of construing any lingering ambiguities in deportation statutes in favor of the alien." *INS v. Cardoza–Fonseca,* 480 U.S. 421, 449, 107 S.Ct. 1207, 1222, 94 L.Ed.2d 434 (1987); *see also Fong Haw Tan v. Phelan,* 333 U.S. 6, 10, 68 S.Ct. 374, 376, 92 L.Ed. 433 (1948).

## IV.

Based on the foregoing, we reverse the Board's dismissal of petitioner's appeal and remand for further proceedings consistent with this opinion.