# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1280

_____

| | | |
|---|---|---|
| Albertina Pascual-Gomez, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Immigration |
| | * | and Naturalization Service |
| Immigration and Naturalization | * | |
| Service, U.S. Department of Justice, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: March 6, 2000

Filed: March 28, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

PER CURIAM.

Albertina Pascual-Gomez, a Guatemalan citizen, petitions for review of a final order of the Board of Immigration Appeals (BIA) dismissing as untimely her appeal from the Immigration Judge's (IJ) denial of her applications for asylum and withholding of deportation. For reversal petitioner argues her notice of appeal to the BIA was timely mailed, with the delay attributable to intervening causes, and the IJ erred in denying her applications. For the reasons discussed below, we deny the petition for review.

The record reveals that the IJ issued an oral decision on August 4, 1997, after a hearing; that on August 29, Pascual-Gomez sent to the BIA her Form EOIR-26 Notice of Appeal; and that the BIA received her notice of appeal on September 5, two days after the filing deadline had passed. We conclude the BIA properly dismissed Pascual-Gomez's appeal as untimely. See 8 C.F.R. § 3.38(b), (c) (1997) (notice of appeal from IJ's decision (Form EOIR-26) shall be filed directly with BIA within 30 calendar days after stating of IJ's oral decision; date of filing is date BIA receives notice).

Petitioner's argument that her notice of appeal was postmarked before the deadline but delayed by the United States Postal Service is without merit. See Talamantes-Penalver v. INS, 51 F.3d 133, 136-37 (8th Cir. 1995). Absent unique circumstances--and none are present here--the time limit for filing a notice of appeal with the BIA is mandatory and confers on the BIA jurisdiction to hear an appeal. See Atiqullah v. INS, 39 F.3d 896, 898 (8th Cir. 1994) (per curiam). Pascual-Gomez's notice of appeal was filed more than thirty days after the IJ stated his oral decision, leaving the BIA without jurisdiction to hear her appeal. See Talamantes-Penalver v. INS, 51 F.3d at 137. We may not review the merits of Pascual-Gomez's claims because they were not presented to the BIA. See Margalli-Olvera v. INS, 43 F.3d 345, 350 (8th Cir. 1994).

Accordingly, we deny the petition for review.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.