United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60258
Summary Calendar

RADI HAZAHZEH; NAZMIEH JUMA; HISHAM HAZAHZA; MIRVAT HAZAHZA;
SUSAN HAZAHZA; AHMED HAZAHZA; BASSAM HAZAHZA; MOHAMMAD HAZAHZA,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 219 510
BIA No. A95 219 509
BIA No. A95 219 507
BIA No. A95 219 508
BIA No. A95 219 506
BIA No. A95 219 505
BIA No. A95 219 504
BIA No. A95 219 503
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioners, Radi Hazahzeh, his wife Nazmieh Juma, and their five children, petition for review of the Board of Immigration Appeals' ("BIA") dismissal as untimely of their appeal from the Immigration Judge's ("IJ") order of removal of Petitioners to Jordan or, alternatively, the Occupied Territories and of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denial of asylum, withholding of removal, and protection under the Convention Against Torture.

Petitioners argue that their appeal was timely because the BIA received their notice of appeal timely, the filing fee was paid before any deficiency notice from the Board, and the filing fee is not a jurisdictional requirement. The BIA's interpretation of the regulations, that both the notice of appeal and the filing fee must be filed within 30 days of the IJ's decision for the appeal to be timely, flows rationally from the language of the regulations. See 8 C.F.R. §§ 3.3(a)(1)-(3), 3.8(a) & (c),  3.38(d), § 240.15 (2003). Accordingly, that interpretation is entitled to due deference. See Navarro-Miranda v. Ashcroft, 330 F.3d 672, 675 (5th Cir. 2003). The notice of appeal was received by the filing deadline, but because Petitioners did not pay the filing fee until after the expiration of the 30-day period, the BIA did not err in dismissing the appeal as untimely. The Eighth Circuit's decision in Naderpour v. INS, 52 F.3d 731 (8th Cir. 1995), which addressed regulations different from those applicable to Petitioners' case, is neither persuasive nor precedential.

Petitioners assert that "counsel's failure to file a timely appeal constituted sufficient prejudice to warrant consideration of the late appeal on the basis of ineffective assistance of counsel because the meritorious nature of the appeal is clear as set forth herein." Petitioners do not cite any authority for the

BIA to construe their untimely appeal as a motion to reopen. Even if the BIA had the authority to so construe the appeal, Petitioners merely asserted ineffective assistance and did not submit any evidence and made no attempt to meet any of the requirements for a motion to reopen an untimely appeal based on counsel's ineffectiveness.  See In re Lozada, 19 I & N Dec. 637, 639-40 (BIA 1988).

PETITION FOR REVIEW DENIED.