In the Matter of Craig KRONHOLM, individually, and as an executive officer, director and principal shareholder of Boundary Waters State Bank, Ely, Minnesota, John Wavrin, Charles Roeser,

**Patrick Roche, Petitioner,**

**and Marcia Kronholm, individually and as directors of Boundary Waters State Bank, Ely, Minnesota,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent.**

No. 90–5136.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1990.

Decided Oct. 2, 1990.

Richard T. Ostlund, Minneapolis, Minn., for petitioner.

Charles Cope, Washington, D.C., for respondent.

Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Patrick J. Roche, a former director of the Boundary Waters State Bank in Ely, Minnesota, appeals from an order of the Federal Deposit Insurance Corporation assessing a civil money penalty against him pursuant to 12 U.S.C.A. § 1828(j)(4) (West 1989). After the FDIC served Roche with a notice that he would be assessed a money penalty, Roche attempted to request an administrative hearing, but failed to do so within the time limit provided by statute. Accordingly, the FDIC informed Roche that the assessment had become final and unappealable by the terms of the governing statute, 12 U.S.C.A. § 1818(i)(2)(E)(ii) (West 1989), and that payment was due within sixty days. Roche filed this appeal, arguing that the FDIC abused its discretion in refusing to allow him to file an untimely request for a hearing, and, thus, in denying him a hearing. In response, the FDIC filed a motion to dismiss, arguing that because the assessment became final and unappealable without a hearing, this court lacks jurisdiction. We agree and dismiss for want of subject-matter jurisdiction.

I. BACKGROUND

The FDIC's assessment of a civil money penalty against Roche arises out of his service from September 1987 until his resignation in March 1988 as a director of the Boundary Waters State Bank. Roche had agreed to serve as a temporary director at the urging of the bank president and controlling shareholder, Craig Kronholm. At the time Roche became a director, the bank was operating under an FDIC cease-and-desist order which had been prompted by the unauthorized withdrawal of estate funds and other alleged instances of self-dealing by Kronholm. The notice of assessment charges that Roche and the other directors aided and abetted Kronholm's self-dealing practices and failed to comply with the terms of the cease-and-desist order. The notice, which Roche admits he received on January 16, 1990, gave Roche and the other directors twenty days from the date of receipt within which to request a hearing. The notice provided that failure to request a hearing would result in a final and unappealable order, requiring, in Roche's case, payment of the $30,000 civil money penalty.

Roche concedes that he was required to request a hearing, if at all, by February 5, 1990. It is undisputed that he did not do so. On January 19, 1990, Roche talked to attorney Robert Preston, counsel for the other directors also named in the notice of assessment, about representation and the preparation of both a request for hearing and an answer to the notice of assessment. Roche contends that Preston agreed in a telephone conversation to represent him for the limited purpose of contesting the assessment, and to forward a draft request for hearing and answer. Preston, however, states by affidavit that he informed Roche over the telephone and by letter that he could not represent him, and could only prepare the requested drafts as an informal legal advisor. Regardless, Preston's letter to Roche of January 30, 1990, including the drafts, was returned for insufficient postage, and was not received by Roche until February 12, 1990. On that same day, Roche requested a hearing, which request the FDIC denied on February 22, 1990, as untimely. Roche filed this appeal on March 7, 1990, from the "denial of [his] motion to permit the filing of a late answer and request for hearing." Brief for Petitioner at 1.

II. DISCUSSION

The civil money penalty in this case was assessed pursuant to 12 U.S.C.A. § 1828 as amended in 1989. Section 1828(j)(4)(F) provides that a person assessed with a civil money penalty under section 1828 shall be afforded a hearing "if such ... person submits a request for such hearing within 20 days after the issuance of the notice of assessment." 12 U.S.C.A. § 1828(j)(4)(F). Issuance of the notice of assessment is governed by section 1828(j)(4)(E), which

provides that the assessment and imposition of a civil money penalty shall be in the manner provided by 12 U.S.C.A. § 1818(i)(2)(E), (F), (G), (I). Section 1818

1. The government's brief and memoranda in support of its motion suggest that this case is governed by these statutes as they existed prior to their amendment in 1989 by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub.L. No. 101–73, 103 Stat. 183 (1989). Prior to its amendment, the section of the statute governing a hearing on a proposed civil money penalty provided that: "The non-member insured bank or person charged shall be afforded an opportunity for agency hearing, upon request made within ten days after issuance of the notice of assessment.... If no hearing is requested as herein provided the assessment shall constitute a final and unappealable order." 12 U.S.C. § 1828(j)(4)(C) (1988). After its amendment, the statute provides as follows: "The nonmember insured bank, savings association, or other person against whom any penalty is assessed under this paragraph shall be afforded an agency hearing if such nonmember insured bank, savings association or other person submits a request for such hearing within 20 days after the issuance of the notice of assessment." 12 U.S.C.A. § 1828(j)(4)(F) (West 1989).

Thus, two relevant changes have been made in the statute. The ten-day period for filing a request for hearing has become twenty days, and the language providing that failure to request a hearing will result in a "final and unappealable order" has been deleted from section 1828. What Congress intended by deleting that language is unclear, for identical language still exists in the statute in section 1818(i)(2)(E)(ii), which pertains, per section 1828(j)(4)(E), to the assessment and collection of a civil money penalty. Section 1818(i)(2)(E)(ii) provides that: "If, with respect to any assessment under clause (i) a hearing is not requested pursuant to subparagraph (H) within the period of time allowed under such subparagraph, the assessment shall constitute a final and unappealable order." 12 U.S.C.A. § 1818(i)(2)(E)(ii) (West 1989). In the legislative history, the House Report indicates that Congress intended in section 907 (codified at 12 U.S.C. §§ 1818(i)(2), 1828(j)(4)) to expand "[t]he scope of judicial review upon appeal ... to include all grounds in the Administrative Procedure Act." H.R.Rep. No. 101–54(I), 101st Cong., 1st Sess. 394, *reprinted in* 1989 U.S.Code Cong. & Admin.News 86, 190. This passage, however, likely refers to the deletion from section 1828(j)(4) of a provision that the findings of the FDIC "shall be set aside if found to be unsupported by substantial evidence as provided by section 706(2)(E) of title 5 [the Administrative Procedure Act]." 12 U.S.C. § 1828(j)(4)(D) (1988). Thus, the intent of the amendments appears to be that appeal from a civil money penalty *after an agency hearing* may

clearly provides that a request for hearing must be made within twenty days and that failure to make a timely request results in a final and unappealable order. 12 U.S. C.A. § 1818(i)(2)(E)(ii).[1] Because of this be had under any of the grounds provided for in the APA, and not just under the substantial evidence standard of section 706(2)(E). Because of section 1818(i)(2)(E)(ii), however, failure to make a timely request for a hearing still results in a final and *unappealable* order.

The amendments effected by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 became effective on August 9, 1989. Notice of assessment of a civil money penalty was served in this case on December 22, 1989—after the amendments became effective. We can discern no reason why the statute as amended does not apply, and Roche specifically points out that it does. *See* Petitioner's Memorandum Opposing Respondent's Motion to Dismiss at 4 n. 1.

The government, however, states that "[t]he civil money penalty was assessed in the instant case pursuant to the provisions of ... 12 U.S.C. § 1828(j)(4) *(1986)*." Brief for Respondent at 4 (emphasis added). Given that the notice of assessment provides that "[a]ny Respondent who requests a hearing shall also file an answer to the charges in the NOTICE OF ASSESSMENT within twenty (20) days of receipt," and that the 1986 statute provides only a ten-day period within which to request a hearing, the government's contention is obviously incorrect. Moreover, a twenty-day response time when the statute provides a ten-day period is completely at odds with the government's argument in this case that the FDIC has absolutely no discretion to allow leave to file an untimely request for hearing. The government further confuses the matter by referring to the statutory amendment in its brief, but sloughing over it. With reference to the discrepancy between the ten- and twenty-day filing periods, the government writes: "In any event, Roche failed to file both the answer and the request for hearing in either 10 or 20 days after the issuance of the Notice of Assessment." Brief for Respondent at 5 n. 2.

This will not do. The statutory period is either ten or twenty days, and given both the effective date of the statutory amendments and that the notice of assessment allows twenty days for a request for hearing to be made, we feel certain that the 1989 amendment applies. We could perhaps excuse the government's failure to make this clear as mere inadvertence, except that the government relies heavily in its jurisdictional argument on the "final and unappealable" language found in section 1828(j)(4) prior to amendment. As indicated, a correct construction of the statute reveals that this language still applies through section 1818(i)(2)(E)(ii), and the government apparently knows this. *See* Brief for Respondent at 10 n. 3 (citing 12 U.S.C. [sic] § 1818(i)(2)(E)(ii) (1989) [sic]). Nevertheless, given the government's inconsistent statutory

provision, the government argues in its motion to dismiss that this court lacks subject-matter jurisdiction in this case.

Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case. *Barclay Square Properties v. Midwest Fed. Sav. & Loan,* 893 F.2d 968, 969 (8th Cir.1990). In response to the FDIC's motion to dismiss, Roche argues that we have jurisdiction based on 12 U.S. C.A. § 1818(h)(2) (West 1989). Section 1818(h), however, provides for judicial review in the court of appeals over "any order served pursuant to paragraph (1) of this subsection." *Id.* Paragraph (1) provides for hearings to be held concerning civil money penalty assessments ordered pursuant to section 1818. The civil money penalty in this case, however, was assessed pursuant to section 1828, which, through section 1818(i)(2)(E)(ii) provides that failure to request a hearing results in a final and unappealable order. Thus, Roche's reliance on 12 U.S.C.A. § 1818(h)(2) for "review of administrative actions to the full extent permitted under Chapter 7 of Title V of the United States Code," Petitioner's Memorandum Opposing Respondent's Motion to Dismiss at 3, is misplaced. Section 1818(h)(2), which is not referenced in section 1828(j)(4)(E), as is section 1818(i)(2)(E), is simply inapplicable.

Moreover, section 1818(i)(2)(E)(ii) precludes review of the FDIC's refusal to allow Roche to file a late request for hearing. Roche argues that we can consider whether the FDIC's refusal to allow an untimely hearing request constitutes an abuse of discretion under section 706 of the APA, 5 U.S.C. § 706(2)(A) (1988). Section 701 of the APA, however, provides that the APA applies "except to the extent that—(1) statutes preclude judicial review." 5 U.S.C. § 701(a)(1) (1988). As we explained in *Taylor Bay Protective Ass'n v. Envtl. Protection Agency,* 884 F.2d 1073, 1080 (8th Cir. 1989), section 701(a)(1) of the APA "precludes judicial review [of agency action] in those situations where Congress expresses an intent to prohibit judicial review." Congress has expressly indicated, through section 1818(i)(2)(E)(ii), its intent to prohibit judicial review of a civil money penalty absent an administrative hearing. Thus, given the statutory prohibition on judicial review without an administrative hearing, the APA cannot provide jurisdiction in this case.

## III. CONCLUSION

Congress, the policymaker, has limited the scope of judicial review of civil money penalties under the Federal Reserve Act, and, arguably, the FDIC's discretion to allow a late request for hearing. Section 1818(i)(2)(E)(ii) clearly provides that the civil money penalty assessed against Roche is final and unappealable. Accordingly, the appeal is dismissed for lack of subject-matter jurisdiction.

---

citations and its strong reliance on the "final and appealable" language of section 1828(j)(4) prior to amendment, we are left with the distinct impression that the government has attempted to mislead the court into applying the statute prior to its amendment under the apparent belief that it could affect the outcome of the case.