**KPMG PEAT MARWICK OF PUERTO RICO, Petitioner,**

**v.**

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 91–1424.**

United States Court of Appeals, First Circuit.

Submitted July 8, 1991.

Decided Aug. 5, 1991.

Michael D. Patrick, and Fragomen, Del Rey & Bernsen, P.C., New York City, on brief, for petitioner.

Stuart M. Gerson, Asst. Atty. Gen., Robert Kendall, Jr., Asst. Director, and Karen Fletcher Torstenson, Atty., Office of Immigration Litigation Civ. Div., Washington, D.C., on Motion for Summary Disposition, for respondent.

Before CAMPBELL, SELYA and CYR, Circuit Judges.

PER CURIAM.

Respondent, the Immigration and Naturalization Service (the "INS"), moves this court, pursuant to 1st Cir.Loc. R. 27.1, to dismiss this case for lack of jurisdiction. Petitioner, KPMG Peat Marwick of Puerto Rico, asks us to remand this case to an administrative law judge for a hearing on the merits. We agree with the INS, and this petition is hereby *dismissed* for lack of jurisdiction. We explain.

The facts in this case are simple and uncontested. On February 12, 1991, petitioner was served, in person, with a Notice of Intent to Fine by the INS for unlawfully employing aliens in violation of 8 U.S.C. § 1324a. The relevant portion of the notice of intent stated as follows:

I. You have the right to contest this Notice. If you desire to contest this Notice you must:

1. Within 30 days from the service of this Notice, *submit a written request* for a hearing before an administrative law judge. The hearing will be conducted pursuant to Title 5, United States Code, Sections 554–557.

2. Submit the written request for a hearing either in person or by certified mail to the following address:

U.S. Department of Justice

Immigration and Naturalization Service

G.P.O. Box 5068

San Juan, Puerto Rico 00936

SRA Vivian Reyes, District Counsel, INS/SAJ

II. You may submit to the Service, either in person or by certified mail, at the address above, a written answer responding to each allegation listed in this Notice.

III. *If a written request for a hearing is not timely received, the Service will issue within 45 days a final and unappealable order* directing you to pay a fine in the amount specified in this Notice. If the charge specifies violation(s) of subsection 274A(a)(1)(A)

or subsection 274A(a)(2) of the Immigration and Nationality Act, the order will also require that you cease and desist from such violation(s).

(Emphasis added).

On March 14, 1991, the last day that a request for a hearing could be timely filed, counsel went to the post office and mailed, via certified mail with return receipt requested, a request for a hearing. That request was received by the INS on March 15, 1991, one day out of time. Accordingly, on March 18, 1991, the INS issued its final order directing petitioner to pay a fine of $12,250.00. Petitioner filed a petition for review.[1]

The INS argues that this court lacks jurisdiction to entertain this petition. In support, the INS points to 8 U.S.C. § 1324a(e)(3)(A)–(B), which provide, in part, as follows:

**(A) In general**

Before imposing an order ... the Attorney General shall provide the person or entity with notice and, upon request made within a reasonable time (of not less than 30 days, as established by the Attorney General) of the date of the notice, a hearing respecting the violation.

**(B) Conduct of hearing**

Any hearing so requested shall be conducted before an administrative law judge.... *If no hearing is so requested, the Attorney General's imposition of the order shall constitute a final and unappealable order.*

(Emphasis added). The INS also points to its regulations, found at 8 C.F.R. § 274a.9 which state as follows:

(d) Request for Hearing before an Administrative Law Judge. If a respondent contests the issuance of a Notice of Intent to Fine, the respondent must file with the INS, within thirty days of the service of the Notice of Intent to Fine, a written request for a hearing before an Administrative Law Judge.... A request for a

hearing is not deemed filed until received by the Service office designated in the Notice of Intent to Fine....

(e) Failure to file a request for hearing. If the respondent does not file a request for a hearing in writing within thirty days of the day of service of the Notice of Intent to Fine ..., the INS shall issue a final order from which there is no appeal.

The INS argues that the Notice of Intent to Fine, the statute and the regulations all unambiguously state that petitioner's request for a hearing had to be received by the INS within the thirty-day period, and that when the INS does not receive a request for a hearing within the thirty-day period, no judicial review lies from its final order.

Petitioner argues that the Notice of Intent to Fine stated that the request for the hearing had to be submitted within thirty days of service and the request could be submitted either in person or by certified mail. Therefore, so long as the request for the hearing was sent by certified mail within that period, it should be deemed timely submitted. In support of this contention, petitioner cites 8 C.F.R. § 103.2(a), which states in relevant part that:

(a) General. Every application, petition, or other document submitted on a form prescribed by this chapter shall be executed and filed in accordance with the instructions contained on the form, such instructions being hereby incorporated into the particular section of the regulations requiring its submission....

Petitioner argues that this was satisfied when the notice was mailed within the thirty-day period since the instructions on the Notice of Intent to Fine did not state that physical receipt by the INS was required. Since it is the directions on the form which determine the proper way to respond, mailing within the specified period should have been deemed sufficient.

---

1. 8 U.S.C. § 1324a(e)(8) provides as follows: A person or entity adversely affected by a final order respecting an assessment may, within 45 days after the date the final order is issued, file a petition in the Court of Appeals for the appropriate circuit for review of the order.

Alternatively, petitioner seems to argue that the INS's regulations must be invalid since the only INS address to which requests for hearings could be filed is, in fact, a post office box. Petitioner argues that under these circumstances, the INS really received its request for the hearing when that request was delivered to the post office. Elsewise, petitioner argues, those seeking hearings concerning the fines which the INS imposes have no way of assuring that their requests will be timely received. Hypothetically, petitioner continues, the INS could simply decide not to pick up its mail from the post office box for weeks at a time, causing otherwise timely requests to be "received" out of time. Hence, petitioner argues, it is only fair that its request for a hearing be deemed timely since it was delivered to the post office within the thirty-day period. In any event, petitioner argues that at least in this case, it is more likely than not that the request for the hearing had been placed in the INS's post office box on March 14, and therefore had been technically "received" by the INS, even if it had not been physically retrieved by INS personnel until March 15. Consequently, petitioner argues, we should deem it timely.

Finally, petitioner seems to argue that we have authority to remand this matter for an administrative hearing even if we find that the request for a hearing was not timely because it is against public policy for the INS not to convene a hearing merely because the request for the hearing arrived one day late. In support of this proposition, petitioner points to 5 U.S.C. § 706 which gives this court authority to review agency decisions.

We are unconvinced. First, Section III of the Notice of Intent to Fine stated that the final order would issue if the written request for the hearing were not timely *received.* We think the Notice of Intent to Fine is, at worst, mildly ambiguous, and any confusion could easily have been remedied if petitioner's lawyers had checked the statute or the regulations quoted above. Those regulations make it clear that such requests for hearings must be received by the INS within thirty days.

As to petitioner's argument that the use of a post office box invites abuse, we simply note that that is not this case. We refuse to speculate on the jurisdictional consequences should the INS cease retrieving its mail from its post office box. In this case there is no evidence that the INS was deviously seeking to avoid receiving requests for hearings, or even that the mail was not retrieved on a daily basis. Petitioner's mistake was in waiting until the thirtieth day to mail a request for a hearing, when it was clear from the Notice of Intent to Fine, the statute, and the regulations, read in conjunction, that such request had to be received by the INS on or before that very day. *See Rys v. United States Postal Service,* 886 F.2d 443, 447 (1st Cir.1989) (had plaintiff not waited until the final day of thirty-day period to serve individual defendants, he might have been entitled to exception to strict construction of regulations). Finally, without deciding if we actually have the authority to do so under the provisions cited by petitioner, we note that we see no reason to remand this case for further hearings. The facts are uncontested—petitioner's request was out of time. 8 U.S.C. § 1324a(e)(3) states that when a hearing has not been requested in accordance with the regulations "the Attorney General's imposition of the order shall constitute a final and unappealable order."

## Conclusion

Finding that the hearing was not timely requested, we must also conclude that the subsequent order was final and unappealable. We therefore conclude that we lack jurisdiction to entertain this petition. The petition for review is *dismissed.*