99 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
KEE & YEE INC., Plaintiff-Appellee,
v.
IMMIGRATION AND NATURALIZATION SERVICE, DISTRICT DIRECTOR,
Defendant-Appellant.
 No. 95-55899.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1996.*
Decided Oct. 16, 1996.
 
 Before: O'SCANNLAIN, T.G. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Immigration and Naturalization Service ("INS") appeals from the district court's summary judgment ordering, by writ of mandamus, that the INS grant Kee & Yee Inc. ("Kee & Yee") a hearing on the merits. We have jurisdiction under 28 U.S.C. § 1291.
 
 
 3
 The INS contends that the district court erred in denying, first, its motion to dismiss the petition for lack of jurisdiction and, second, its motion for summary judgment.
 
 
 4
 * Kee & Yee's mandamus petition asserted jurisdiction under 8 U.S.C. § 1329. Section 1329 generally confers jurisdiction on the district courts over "all causes, civil and criminal, arising under any of the provisions" of the immigration subchapter of Chapter 12. The INS moved to dismiss the petition on the grounds that the circuit court had exclusive jurisdiction under 8 U.S.C. § 1324(e)(8). Section 1324a(e)(8) specifically provides that "[a] person or entity adversely affected by a final order respecting an assessment may, within 45 days after the date the final order is issued, file a petition in the Court of Appeals for the appropriate circuit for review of the order." The district court denied the INS' motion to dismiss.
 
 
 5
 "[J]urisdiction over a specific class of claims which Congress has committed to the court of appeals generally is exclusive, even in the absence of an express statutory command of exclusiveness." Public Util. Comm'r of Or. v. Bonneville Power Admin., 767 F.2d 622, 627 (9th Cir.1985) (Kennedy, J.) (citations omitted). "Specific grants of exclusive jurisdiction to the courts of appeals override general grants of jurisdiction to the district courts." Owner-Operators Indep. Drivers Ass'n of Am. v. Skinner, 931 F.2d 582, 589 (9th Cir.1991) (citation omitted); see also Ramey v. Bowsher, 9 F.3d 133 (D.C.Cir.1993) ("a statute which vests jurisdiction in a particular court cuts off jurisdiction in other courts in all cases covered by the statute") (citation omitted). Kee & Yee presents no reason why its case would fall outside the purview of § 1324a(e)(8). The district court thus should have dismissed the petition for lack of jurisdiction.
 
 II
 
 6
 Even assuming, arguendo, that Kee & Yee had timely filed a petition in this court, it would have failed on the merits. The INS moved for summary judgment in district court on the ground that Kee & Yee did not timely request a hearing challenging the Notice of Intent to Fine.
 
 
 7
 There is no dispute that the INS did not receive Kee & Yee's request for a hearing until December 23, 1992, thirty-three days after the INS personally served Kee & Yee with the Notice of Intent to Fine. The Notice explained that to contest the charge, Kee & Yee had to submit a written request for a hearing, in person or by certified mail, "[w]ithin 30 days from the service of this Notice." Further, "[i]f a written request for a hearing is not timely received, the Service will issue within 45 days a final and unappealable order directing you to pay a fine in the amount specified in this Notice." The parties dispute whether a request mailed, but not received, within thirty days is timely.
 
 
 8
 Section 1324 of Title 8 requires the Attorney General to "provide the person or entity with notice and, upon request made within a reasonable time (of not less than 30 days, as established by the Attorney General) of the date of notice, a hearing respecting the violation." 8 U.S.C. § 1324a(e)(3)(A). "If no hearing is so requested, the Attorney General's imposition of the order shall constitute a final and unappealable order." Id. § 1324a(e)(3)(B).
 
 
 9
 The implementing regulations establish that a party who wants a hearing
 
 
 10
 must file with the INS, within thirty days of the service of the Notice of Intent to Fine, a written request for a hearing.... A request for a hearing is not deemed to be filed until received by the Service office designated in the Notice of Intent to Fine.
 
 
 11
 8 C.F.R. § 274a.9(d).
 
 
 12
 The regulations "make it clear that such requests for hearings must be received by the INS within thirty days," KPMG Peat Marwick of Puerto Rico v. INS, 943 F.2d 91, 93 (1st Cir.1991), not merely mailed within thirty days. If Kee & Yee wanted to request a hearing, "it was clear from the Notice of Intent to Fine, the statute, and the regulations, read in conjunction, that such request had to be received by the INS on or before [the thirtieth day]", Id., which it was not.
 
 
 13
 This case does not present "one of the rare occasions" where the notice and regulations were misleading. See Shamsi v. INS, 998 F.2d 761, 763 (9th Cir.1993). If the Notice left any doubt, Kee & Yee, unlike the petitioners in Vlaicu v. INS, 998 F.2d 758 (9th Cir.1993), "would ... have been quickly disabused of their misimpression if they had consulted the regulations, because the regulations ... speak with one voice." Id. at 760.
 
 
 14
 The regulations expressly provide that "[a] request for a hearing is not deemed filed until received." The district court thus erred in concluding that a request mailed, but not received, within 30 days was timely. Since the INS did not receive Kee & Yee's hearing request until more than thirty days after the Notice was served, even a timely filed petition in this court would have failed.
 
 III
 
 15
 We vacate the judgment and remand with instructions to dismiss Kee & Yee's petition for lack of jurisdiction.
 
 
 16
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 36-3
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3